# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: The Adoption of K.C**

**No. 14-0285** (Roane County 13-A-17)

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner father, by counsel Ryan M. Ruth, appeals the Circuit Court of Roane County's February 10, 2014, order granting respondent great-grandparents the adoption of minor child, K.C. Respondent great-grandparents, by counsel H. Beth Sears, filed a response. The guardian ad litem, Anita Harold Ashley, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in determining that his incarceration was not a compelling circumstance preventing him from supporting, visiting, or otherwise communicating with the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2013, Respondent great-grandparents filed a petition for adoption of the minor child, K.C., born on August 4, 2008. Respondent great-grandparents have had sole custody of the minor child since his release from the hospital at birth and continuing for an uninterrupted period of over five years. The birth parents were both incarcerated at the time of the child's birth. Petitioner objected to the proposed adoption in a letter to the circuit court, alleging that he sent the child cards and birthday money, during the time he was incarcerated.

In February of 2014, the circuit court held a final adoption hearing. Because both petitioner and the birth mother were incarcerated at the time of the final hearing, they were appointed guardians ad litem to represent them prior to the hearing. The circuit court also appointed a guardian for the minor child. Respondent great-grandparents contended at the final hearing that the birth parents' consent to the adoption was not required because both petitioner and the birth mother abandoned the child and that no compelling circumstances existed to excuse the abandonment. The child's guardian supported respondent great-grandparents' adoption petition and agreed that they provided the child with a safe, stable home and that the bond between the child and respondent great-grandparents was strong. The child's guardian recommended that the circuit court formalize the relationship between the child and respondent great-grandparents. The circuit court determined that all the statutory provisions were met, that the adoption was in the best interest of the child, and, finally, ordered the adoption. It is from this order that petitioner appeals.

Petitioner's sole assignment of error on appeal is that the circuit court should have determined that his incarceration was a compelling circumstance preventing him from supporting, visiting, or otherwise communicating with the child. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syllabus Point 4, *Burgess v. Porterfield*, 196 W.Va. 178, 469 S.E.2d 114 (1996)." *In re Carey L.B.,* 227 W.Va. 267, 273, 708 S.E.2d 461, 467 (2009). "[A] reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl Pt. 1, in part, *In re: Ashton M.*, 228 W.Va. 584, 723 S.E.2d 409 (2012). Upon our review, we find no error in the circuit court's findings or the ultimate disposition in ordering the adoption, especially in light of the child's best interests.

Pursuant to West Virginia Code § 48-22-306, a birth parent has abandoned his/her child when the birth parent fails to financially support the child and fails to visit or otherwise communicate with the child. In support of his assignment of error, petitioner argues that he did not abandon the child inasmuch as he (1) sent money to the child's grandmother, (2) sent money to the child's biological mother when she was not incarcerated, (3) begged the respondents and their family to bring the child to see him, (4) sent the child cards every couple of weeks, and (5) sent the child birthday money. However, during the proceedings below, the only evidence petitioner presented was a letter submitted to the circuit court disputing the claims of abandonment and claiming that he sent money and cards to the child. The record shows that petitioner submitted this letter without any other supporting documentation or evidence. Respondent great-grandparents argue that the evidence of abandonment was unchallenged, except for this letter. We agree, as the circuit court specifically found the petitioner did not send any "financial support, cards, gifts, letters, or other communication." Respondent great-grandparents thus met their burden in proving that the child was abandoned by petitioner.

The burden then shifted to petitioner to show circumstances compelling the abandonment. Petitioner contends that his incarceration should constitute compelling circumstances preventing him from supporting, visiting, or otherwise communicating with the child. However, we find that while petitioner had no ability to visit with the child while incarcerated, the fact the he was incarcerated did not prevent him from supporting, or otherwise communicating with the child. We have recently ruled on the issue of abandonment in the context of incarceration, holding that "incarceration does not relieve a parent of the duty to provide financial support for his/her child." *In re: Adoption of C.R*, 233 W.Va. 385, 758 S.E.2d 589 (2014). In that case, the father did not visit the child and only paid child support involuntarily through income withholding. Additionally, the father did nothing to avail himself of remedies that could have permitted supervised visits with the child once he was released from incarceration. The facts in *C.R.* mirror those of the instant case. Petitioner herein offers no evidence to support his assertions. Petitioner asserts that he sent money to the child's family members but does not assert that he provided any money to the respondent great-grandparents, who have always had the child in their custody. Petitioner claimed that his family would support his claims but none of his family members were present for the final adoption hearing to present such evidence.

We have previously held that

"[t]he controlling principle . . . is the welfare of the child and . . . in a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided." *State ex rel. Kiger v. Hancock*, 153 W.Va. 404, 405, 168 S.E.2d 798, 799 (1969).

*In re Antonio R.A.*, 228 W.Va. 380, 388, 719 S.E.2d 850, 858 (2011). According to the child's guardian, the child has thrived in the care of respondent great-grandparents, who have been his complete emotional and financial support for his entire life. As such, the child's best interests are served by respondent great-grandparents' adoption.

For the foregoing reasons, the circuit court's February 10, 2014, order granting the adoption of minor child, K.C. is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II